————o————

Nicholas O. Williams, Respondent, *vs.* C. R. McGuire, *et al.*, Appellants.

1. *Equity—Title to land in third party cannot be set up, when.*—A. having a title bond for certain land, and having paid the purchase price, conveyed the same to B., but the deed was not recorded. B. sold the tract to C., and returned the deed to A. with directions to cancel it, and make a conveyance directly to C., and such deed was accordingly executed with full covenants and for adequate consideration. In a suit by C. for a specific performance of his contract by A., wherein B. asserted no claim, *held* that parties having knowledge of the deed to plaintiff could not attack his title on the ground that A., by his deed to B., had divested himself of title, and that the return of the instrument did not re-invest it in A.

*Appeal from Gentry Circuit Court.*

*Lewis, with Loan,* for Appellants.

I. All the right of Phillips that could be transferred by a deed—whatever that right was—passed to Taylor by the deed to him, made by Phillips, and was not divested by the return and cancellation of the deed. (Tibeau vs. Tibeau, 19 Mo., 78.)

*J. P. Caldwell, with J. C. Howell,* for Respondent.

I. Plaintiff had no notice of the deed to Taylor, and it was not recorded; and Phillips not having the legal title, his deed to Taylor never placed the legal title in Taylor. Hence, the destruction of the deed did not leave the legal title in Taylor or his heirs.

WAGNER, Judge, delivered the opinion of the court.

This was a proceeding in the nature of a bill in equity against Cornelius R. McGuire, Brannock Phillips, Joseph Degginger, Charles H. S. Goodman, John A. Hundley and George S. Hundley.

The charges in the petition were, that on or before the 27th day of March, 1857, the defendant, McGuire, was seized and possessed in fee simple of certain lands lying in Gentry county, and that on the day last named he entered into a contract with the defendant, Phillips, for the sale and conveyance of the same for the price of sixteen hundred dollars, which Phillips at the time paid; that, at the time, McGuire executed to Phillips a title-bond, obligating himself to make a deed for the premises on or before the first day of May, 1857; that afterwards, on the 20th day of April, 1858, for and in consideration of the sum of twenty-six hundred dollars, paid by plaintiff to Phillips, the said Phillips sold and conveyed by a deed with full covenants of warranty, the lands in question to plaintiff, and all his right, title and interest therein, by virtue of his contract with McGuire; that plaintiff entered into possession of the land, and that McGuire failed to make and execute a conveyance of the same to Phillips, or the plaintiff as grantee and assignee of the right, title and interest of Phillips.

It is further averred, that on the 6th day of June, 1870, the defendants Joseph Degginger and John A. Hundley, with full knowledge of all the facts, and of the legal and equitable rights of Phillips and the plaintiff, and in fraud of the rights of the plaintiff, purchased from McGuire, for a merely nominal consideration, by a quit-claim deed, the lands in controversy; and that afterwards, on or about the 11th day of June, 1870, the defendants, Charles H. S. Goodman and George S. Hundley, also having full knowledge of all the facts and of the legal and equitable rights of Phillips and the plaintiff, and in fraud of the same, purchased from Degginger and John A. Hundley, an undivided half of the lands at a merely nominal consideration, and received a quit-claim deed therefor.

There was a prayer that the contract, on the title-bond, might be specifically performed; that the Hundleys, Degginger and Goodman might be declared trustees for the plaintiff, and also might be ordered to convey to him by quit-claim, whatever supposed interest they might have.

McGuire and Phillips made no answer, and as to them there was a judgment by default. The other defendants answered, denying all the material allegations in the petition, and set up other matters which were stricken out as redundant. They also set up the statute of limitations; and that in 1871, before this suit was commenced, Phillips made with the plaintiff a full settlement of all sums coming to plaintiff on account of any supposed defect in the title to these lands. These last averments were also stricken out.

There was no error in the action of the court in striking out portions of the answer. The parts thus disposed of were wholly redundant. They either had no relevancy to any issue that could arise in the case, or they were sufficiently pleaded before, and the defendants had the full advantage of every defense they presented on the hearing.

It is idle to talk about the statute of limitations constituting any defense. The plaintiff acquired his title in 1858, and appointed an agent to attend to the land for him and pay the taxes; and the evidence shows that the land was assessed in his name and he paid taxes continuously on it up to 1872, when this suit was brought. Whatever title defendants had was acquired in 1870, and there is no pretence that they had any adverse possession previous to that time. So that under no circumstances could the statute of limitations be invoked in their favor.

As to the alleged agreement between plaintiff and Phillips it could not be taken advantage of by defendants. Phillips made no answer, and there was no privity between him and defendants.

The court rendered a decree for the plaintiff and found the facts to be, that McGuire, on the 27th day of March, 1857, sold the land for sixteen hundred dollars to Phillips, who paid

all the purchase money; and that McGuire executed to Phillips a title bond agreeing to make him a deed for the land with full covenants of warranty; that afterwards, on the 20th day of April, 1858, Phillips, for the consideration of twenty-six hundred dollars, paid to him by the plaintiff, sold and conveyed the land to plaintiff by deed with full covenants of warranty; that McGuire never made a deed to the land to either Phillips or plaintiff, and that on the 6th day of June, 1870, the defendants, Joseph Degginger and John A. Hundley, having full knowledge of all the facts, and of the legal and equitable rights of Phillips and plaintiff, as the grantee and assignee of Phillips, and in fraud of plaintiff's rights, purchased from McGuire, for a merely nominal consideration as compared with the true value of the land, a quit-claim deed of conveyance to themselves, and that on or about the 11th day of June, 1870, defendants, Goodman and George S. Hundley, also, having full knowledge of all the facts above recited, and in fraud of the rights of the plaintiff, purchased from Degginger and John A. Hundley the one undivided half of the land and received from them, for a merely nominal consideration a quit-claim deed of conveyance.

An examination of the evidence fully and abundantly sustains the decree of the court.

There was evidence given to show that Phillips sold the land to one Taylor, but that Taylor's deed was never recorded, and that he sold the land to plaintiff, and then returned his deed to Phillips with directions to destroy the same and then ordered Phillips to make the deed direct to plaintiff; and it is now argued that the returning and cancellation of the deed from Taylor to Phillips did not have the effect of re-vesting the title in Phillips, and hence he could convey no title. It is a sufficient answer to this to say, that the source of title from which both plaintiff and defendants claim was McGuire, and that he executed his title bond to Phillips for the conveyance of the land and received the purchase money. The record shows a regular conveyance from Phillips to plaintiff for a full and adequate consideration. If Taylor or his heirs have any in-

terest in the land, or claim any title thereto, it will be time enough to determine the same when they appear in court for that purpose.

It would be entirely useless to attempt to give a summary of the evidence. That the defendants, when they purchased, had notice of plaintiff's title is too clear to admit of doubt. The title bond from McGuire to Phillips and the deed from Phillips to plaintiff were both of record; and, moreover, the testimony is exceedingly clear that they had actual notice of plaintiff's title. They bought for a merely nominal consideration by quit-claim, from a dishonest man, in the hope that their title might be of value. They show no rights for a court of equity to protect.

The judgment should be affirmed; all the judges concur, except Judge Sherwood, who is absent.